IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 04 C 930 |
| ) | |
| LAWRENCE J. LIGAS, ) | |
| LADE BANK ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiff United States of America ("government"), filed a motion on January 31, 2005 for an extension of time to effectuate service and to allow service by alternate means. (Dkt. No. 27). For the reasons set forth below, the government's motion for an extension of time to effectuate service and service by alternative means is granted.

### BACKGROUND

The government filed its original complaint on February 6, 2004 against defendant Lawrence J. Ligas ("Ligas"), seeking payment of back taxes, interest and penalties. (Dkt. No. 1). Lade Bank ("Lade"), was added as a defendant in the government's amended complaint of August 27, 2004, because Lade has a mortgage on Ligas' residence at 2424 N. Kedzie in Chicago, Illinois. (Dkt. No. 5). Lade filed an answer, counterclaim and third-party complaint seeking foreclosure on the mortgage on November 3, 2004. (Dkt. No. 14).

The government's amended complaint alleges that the Internal Revenue Service ("IRS"), made an assessment on March 4, 1991 against Ligas for "his failure to collect, truthfully account for, or turn over the unpaid income tax and [FICA] taxes withheld from the wages of the employees of

L.J. Ligas, Inc., for the last three quarters of 1987 and the first quarter of 1988" for the amount of $66,833.71. (Dkt. No. 5 at 2). With interests and penalties, the government asserts that Ligas owes $243,324.59 as of February 8, 2004. (Id. at 3). The government's amended complaint of August 27, 2004 seeks this court to enter a judgment in its favor for the $243,324.59 balance, attach a federal tax lien on Ligas' real property located at 2424 North Kedzie Boulevard in Chicago, Illinois, and foreclose the tax lien in order to allow a sale of the 2424 North Kedzie property so as to allow for the proceeds of the sale to be offset against Ligas' tax liability. (Id. at 5).

This court has not reached the substantive issues in this case because the government has not effectuated service of process in a manner sufficient to vest this court with jurisdiction over Ligas. The government has sought from this court, and received, a series of extensions of time for the effectuation of service of process. The government's original complaint was filed on February 6, 2004. (Dkt. No. 1). It then sought an extension on June 3, 2004 (Dkt. No. 3), and received an extension in this court's June 8, 2004 minute order. (Dkt. No. 4). The government's June 3, 2004 motion asserted that several efforts had been made by IRS employees and employees of private process servers to serve Ligas. (Dkt. No. 4). The government also asserted that government counsel had been in phone contact with Ligas and that Ligas had been unwilling to waive personal service and accept service of process by mail. (Id.) Furthermore, the government asserted that if an extension was not allowed, the government would be barred from bringing a new action under the statute of limitations. (Id.) The June 8, 2004 minute order granted an extension to September 3, 2004 and advised the government that no further extensions would be allowed. (Id.)

The government returned to the court for a second request for an extension of time to effectuate service of process on August 30, 2004. (Dkt. No. 6). The government's August 30, 2004

2

motion and supporting affidavit asserted that the government had been unable to serve Ligas and Ligas in turn could not be found or has concealed himself within the State of Illinois. (Dkt. Nos. 6-8). The government sought, and this court granted in its September 9, 2004 minute order, service by publication as allowed by federal rule and Illinois law. (Dkt. No. 9).

The government then brought an application for default (Dkt. No. 16), and a motion for entry of foreclosure (Dkt. No. 17), against Ligas. Ligas filed an appearance on December 3, 2004 (Dkt. No. 12), for the limited purpose of filing a motion to vacate this court's September 9, 2004 order granting an extension of time to effectuate service and moving to quash service by publication. (Dkt. No. 19). (Ligas also brought a motion against Lade Bank but that motion is not relevant to the current matter.) Ligas' motion to vacate the September 9, 2004 order included a notice of motion informing government counsel that he, Ligas, would be appearing before this court on December 7, 2004 at 9:00am to present his motion. Ligas' certificate of service asserts that a copy of the motion and the associated notice of the motion was hand delivered to an Assistant United States Attorney involved in the matter located at the Dirksen Building in Chicago. (Dkt. No. 20). The certificate of service also asserted that a copy of the motion and associated notice of motion was sent by United States mail to the Department of Justice attorney, located in Washington D.C., who is the primary attorney on the matter.

As stated above, Ligas did in fact appear in person before the court to present his motions during this court's motion call on Tuesday, December 7, 2004. Counsel for government was also present, an Assistant United States Attorney from the United States Attorney's Office of the Northern District of Illinois, not the Department of Justice attorney who is primary counsel on the case. This court, aware of the government's assertions as to its difficulties in locating Ligas,

3

inquired of government counsel during the December 7, 2004 motions call whether the government counsel had a copy of the summons and complaint. At the time of the court's inquiry of the government on December 7, 2004, Ligas was standing no more than a foot or two from government counsel. Regardless of whether the government's attempt at service by publication had been effective, which Ligas was challenging in his December 3, 2004 motion, the court thought it might have been prudent for Ligas to have been served at that time.

Government counsel stated, however, that he did not bring to the court proceeding a copy of the complaint and summons with which to serve Ligas. The government, therefore, did not serve Ligas on December 7, 2004 when the government had an easy opportunity to do so. Instead, the government filed on December 20, 2004 a response to Ligas' motion. (Dkt. No. 23). This court, it its minute order of December 28, 2004, found that the government had not complied with the requirements of 735 ILCS 5/2-206(a) and therefore had to deny the government's application for default and foreclose because the court lacked personal jurisdiction over Ligas. (Dkt. No. 25). The government was given until January 19, 2005 to effectuate service of process upon Ligas. (Id.) The government has not effectuated service upon Ligas. The government instead filed the pending motion of January 31, 2005 for an extension of time and service by alternative means.

## ANALYSIS

The case cannot proceed into the substance of the dispute and arrive at decision binding upon the parties until service of process has be properly effectuated. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party that the complaint names as defendant."). Although Ligas has received actual notice of the government's complaint and is

4

well aware of these proceedings, this court is not permitted to excuse service altogether. McMasters v. United States, 260 F.3d 814, 817 (7th Cir. 2001).

Service of process is governed under Rule 4 of the Federal Rules of Civil Procedure ("Rules"). Fed. R. Civ. P. 4. Rule 4(m) provides a 120-day time frame for service of process, and states that if service is not made within 120 days after the filing of the complaint, the court "shall dismiss the action without prejudice or direct that service be effectuated within a specific time." Id. Rule 4(m) also requires that the court "shall extend the time for service for an appropriate period" when the "plaintiff shows good cause for the failure" to effectuate service within 120 days. Id. "Good cause means a valid reason for delay, such as the defendant's evading service." Coleman v. Milwaukee Bd. of Sch. Dir. 290 F.3d 932, 934 (7th Cir. 2002).

The Seventh Circuit has interpreted Rule 4(m) to recognize two types of situations. The first, when a plaintiff has good cause for its failure to effectuate service, the district court is required to grant an extension of time for service. Troxel v. Fedders of North America, Inc., 160 F.3d 381, 382-83 (7th Cir. 1998). The second, where a plaintiff has no good cause for the failure to effectuate service exists, the district court has the choice as to whether to provide an extension of time for service or to dismiss the action. Id. It is within the district court's discretion to determine whether a good cause exists for the failure to effectuate service and whether to provide an extension of time for service when no good cause exists for the failure to serve. Id. As long as the district court "properly sets out the relevant law and makes no factual findings that are clearly erroneous, an abuse of discretion exists only if [the district court's decision] was arbitrary or unreasonable." Id. at 383.

The government asserts that good cause exists for its failure to serve Ligas as demonstrated by its repeated efforts to serve Ligas. (Dkt. No. 27). Ligas counters that no good cause exists in this

case. Ligas' position is that government has been negligent in its efforts to identify and locate him. (Dkt. No. 39). Ligas argues that no more extensions of times should be granted and the government's case should be dismissed.

In his February 11, 2005 filing, Ligas asserts that the government is assuming that it will be accorded preferential treatment of receiving continual extensions from this court. (Dkt. No. 39 at 3). When appearing in open court on December 7, 2004, Ligas asserted that he feels strongly that the government must be required to follow the law and associated rules of this court. Therefore, Ligas is unwilling to waive service or consent to alternative means of service. Ligas has asserted in essence that the government has been negligent in its attempts to serve him.[1]

The government, like any other party appearing before this court, must follow the law including the requirements of Rule 4 of the Federal Rules of Civil Procedure. It is a close question under the circumstances whether the government has shown "good cause" for its failure to effectuate service. The government has presented various affidavits as to its efforts in serving Ligas and its inabilities in that task. Ligas counters that the government has had several opportunities and that any inability is simply due to the government's only negligence in this case. It was the government's decision to wait until near the end of the 10 year statue of limitation period before filing the current

---

[1] In supporting his argument of negligence by the government, Ligas' motion asserts that: (1) the government "failed to comply with Illinois law" after this court granted the government's request for service by publication; (2) the government has failed to provide its process servers with "even a remotely accurate description" of Ligas or his vehicle; (3) failed to make proper inquiry into the location of Ligas' business; (4) failed to make diligent inquiries into local newspapers that detailed Ligas' appearance at a funeral. (Dkt. No. 39 at 1-2). Ligas' motion also asserts that one of the government's "process servers stalked and engaged in a reckless vehicular case on the Kennedy Expressway and Ohio Street in Chicago during rush hour traffic on January 14, 2005, senselessly endangering the lives of Mr. Ligas' tenants as well as other motorists." (Id. at 7).

complaint against Ligas. Furthermore, the court does not understand why the Assistant United States Attorney who appeared on December 7, 2004 did not avail himself of the opportunity to serve Ligas when Ligas appeared in open court after Ligas had provided notice of filing his motion to the government four days earlier stating that Ligas, who was pro se at the time, would be personally appearing in court that day.

Despite the government's failure to be more diligent, the court concludes that providing Ligas the necessary and proper service of process has not been a simple undertaking by the government. The government has established sufficient good cause as to its failure to serve Ligas within the 120-day requirement of Rule 4(m). Therefore, this court will grant one last extension of time under Rule 4(m), but the government must comply with the requirements of this order.

As to the government's second request, the request for service by alternative means, service upon an individual located within a Judicial District of the United States may be effectuated by (1) personal service, (2) service upon a person of suitable age residing at the defendant's dwelling place or abode, or, (3) pursuant to the law of the state in which the district court located. Fed. R. Civ. P. 4(e). Illinois' methods for effectuating service on an individual are detailed in 735 ILCS 5/2-203. Illinois also allows for alternative service by special order from a court under 735 ILCS 5/2-203.1 if service under § 5/2-203's traditional methods are impractical. The court is authorized to provide any manner of service consistent with due process. 735 ILCS 5/2-203.1

Under § 5/2-203.1, "the motion [for service by special order of court] shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under ... Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was

made and reasonable efforts to make service have been unsuccessful." Id. Ligas asserts that the government has failed to meet the requirements of § 5/2-203.1 by failing to submit a requisite affidavit. The government has provided two duly sworn affidavits (Dkt. Nos 29-30), and four declarations under 28 U.S.C. § 1746 in this case detailing the attempts to serve Ligas and its inability to do so. (Dkt Nos. 31-34). The affidavit from LaSalle Process Servers filed with the court on January 31, 2005 also includes the required statement that "A diligent inquiry as to the location of Mr. Ligas was made and reasonable efforts to make service have been unsuccessful." (Dkt. No. 29). These affidavits and declarations, including the LaSalle Process Servers affidavit, accompanied the government's motion because they were filed the same day as the motion, January 31, 2005. In light of the LaSalle Process Servers affidavit and the other affidavit and declarations from the government, the court holds that the government has satisfied the requirements of 735 ILCS 5/2-203.1.

This court must determine what type of service is appropriate in this case under 735 ILCS 5/2-203.1. Section 5/2-203.1 states that "the court may order service to be made in any manner consistent with due process." 735 ILCS 5/2-203.1. The Appellate Court of Illinois, Second District, held that the notice required by due process under § 5/2-203.1 is "that which is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford then an opportunity to present their objections.'" In re Marriage of Schmitt, 747 N.E.2d 524, 524 (Ill. App. Ct. 2001). This is the traditional definition of due process as articulated by the Supreme Court in the Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

The government requests a special service under § 5/2-203.1 of attaching copies of the summon and the amended complaint to the front door and garage of Ligas' home at 2424 North Kedzie and sending copies of the summons and complaint by certified mail, return receipt requested,

8

and first class mail to the 2424 North Kedzie address.

Special service under § 5/2-203.1 has been ordered in other cases in this district allowing mailing and posting of the summons and complaint. See, e.g., Sauer-Danfoos Inc. v. Hansen, 04 C 3145, 2004 WL 1921023 (N.D. Ill. July 9, 2004); United Gen. Title Ins. Co. v. Tyler, No. 00 C 50453, 2001 WL 487957 (N.D. Ill May 7, 2001). The government's proposed method of service of mailing and notification by posting seems appropriate in light of the actual knowledge that Ligas has of this case. Ligas has personally appeared in court in this matter on his own behalf (Dkt. No. 12). Ligas has shown his ability to receive documents from the court and the government through the mail at his 2424 North Kedzie address and has respond thereto.

## CONCLUSION

The court grants the government's motion of January 31, 2005 for an extension of time to effectuate service and to allow service by alternate means. (Dkt. No. 27). This court orders the government to serve Lawrence J. Ligas through the special service method as authorized by 735 ILCS § 5/2-203.1 and Rule 4(e)(1) of the Federal Rules of Civil Procedure. The government shall post a copy of the complaint and summons on the front door of Ligas' home located at 2424 North Kedzie Boulevard, Chicago Illinois 60647. The government should also ring any door bell or knock, if no door bell is available, audibly on the front door at 2424 North Kedzie Boulevard, Chicago, Illinois 60647 sufficiently to apprise Ligas, or anyone else residing and present at 2424 North Kedzie Boulevard, Chicago, Illinois 60647, of the government's process server's presence so as to allow Ligas to receive notice of the government's service. The government shall on the same day mail a copy by regular United States first class mail and an additional copy by United States certified, return receipt requested, mail to Ligas at the 2424 North Kedzie address. The government shall also fax

a copy of the summons and complaint to the fax number listed on Ligas' pro se appearance form of (773) 862-1716. The government must effectuate the terms of service as ordered by this court and file a return of service establishing compliance therewith by March 24, 2005. The government shall also file an affidavit, provided by an individual with personal knowledge, attesting that each act of the special service ordered by this court pursuant to 735 ILCS § 5/2-203.1 has been performed. This case is set for a hearing on status on March 31, 2005 at 9:00am.

                ENTER:

                *James F. Holderman*
                JAMES F. HOLDERMAN
                United States District Judge

DATE: March 1, 2005