

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 04 C 930 |
| ) | |
| LAWRENCE J. LIGAS, ) | |
| LADE BANK ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On March 1, 2005, this court issued a memorandum opinion and order ("March 1, 2005 order") (Dkt. Nos. 42, 43), granting plaintiff United States of America's ("government"), motion for an extension of time to effect service and to allow service by alternative means (Dkt. No. 27). Defendant Lawrence J. Ligas ("Ligas"), filed on March 15, 2005 the pending motion requesting this court to reconsider and vacate its March 1, 2005 order. (Dkt. No. 45). For the reasons set forth below, Ligas' motion for the reconsideration and vacating of this court's March 1, 2005 order (Dkt. No. 45), is granted. This court's March 1, 2005 order (Dkt. Nos. 42, 43), granting the government's motion of January 31, 2005 for an extension of time to effect service and to allow service by alternative means (Dkt. No. 27), is vacated and upon reconsideration is denied. The government's service effected by alternative means of March 21, 2005 is quashed. (Dkt. No. 48). The government's First Amended Complaint filed August 27, 2004 (Dkt. No. 5) ("August 27, 2004 Complaint"), which amended the government's Original Complaint of February 6, 2004, is dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

With the dismissal of the government, the remaining claim in this case is the third-party

claim between defendant and third-party plaintiff Lade Bank ("Lade"), and defendant and third-party defendant Ligas and other unknown defendants. It appears to this court that it lacks subject matter jurisdiction over Lade's third-party claim under diversity of citizenship, due to the fact Lade's claim is for the foreclosure of a mortgage and Lade and Ligas are both Illinois citizens. Therefore, Lade is ordered to file with this court a brief detailing whether this court has subject matter jurisdiction over any remaining claims, in light of the dismissal of the government as a party, no later than May 27, 2005. Ligas' response on the issue of subject matter jurisdiction is due no later than June 10, 2005. Lade's reply is due no later than June 17, 2005.

## STANDARD OF REVIEW

A court may address a motion to reconsider when the court has not entered a final judgment in the matter. *See Ramada Franchise Sys., Inc. v. Royal Vale Hospitality of Cincinnati, Inc.*, No. 02 C 1941, 2004 WL 2966948 (N.D. Ill. Nov. 24, 2004) (discussing a district court's authority to reconsider its prior interlocutory decisions). "Motions to reconsider do not exist in order to allow parties to 'rehash' the same arguments." *Rosby Corp. v. Stoughton Trailers, Inc.*, No. 95 C 511, 2004 WL 1462244, at *3 (N.D. Ill. June 28, 2004) (citing *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1998)). A court should reconsider its prior decision if "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." *Ramada Franchise Sys, Inc.*, No. 02 C 1941, 2004 WL 2966948, at *3 (citing *Bank of Waunakee*

*v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). This case centers solely around the issue of whether "there has been a controlling or significant change in facts since the submission of the issue to the court." *Id.*

## BACKGROUND

The court is vacating its March 1, 2005 opinion because it has concluded, based on the court's awareness of a significant change in facts after the submission of the issue to the court, that it arrived at an incorrect decision when it granted the government's motion for an extension of time to effect service and to allow service by alternative means. The factual information and legal authority presented by the court in its March 1, 2005 opinion remains both correct and pertinent to the present motion, and therefore this court will incorporate, were appropriate, the factual information and legal authority from the court's March 1, 2005 opinion.

### A. Factual Information Considered by the Court in its March 1, 2005 Opinion

The government filed its original complaint on February 6, 2004 against Ligas seeking payment of back taxes, interest and penalties. (Dkt. No. 1). Lade was added as a defendant in the government's amended complaint of August 27, 2004, (Dkt. No. 5), because Lade has a mortgage on Ligas' residence at 2424 N. Kedzie in Chicago, Illinois. Lade filed an answer, counterclaim and third-party complaint on November 3, 2004 seeking foreclosure on the mortgage. (Dkt. No. 14).

The government's August 24, 2005 Complaint alleges that the Internal Revenue Service ("IRS"), made an assessment on March 4, 1991 against Ligas for "his failure to collect, truthfully account for, or turn over the unpaid income tax and [FICA] taxes withheld from the wages of the employees of L.J. Ligas, Inc., for the last three quarters of 1987 and the first quarter of 1988" for

the amount of $66,833.71. (Dkt. No. 5 at 2). With interests and penalties, the government asserts that Ligas owes $243,324.59 as of February 8, 2004. (*Id.* at 3). The government's August 27, 2004 Complaint sought this court to enter a judgment in its favor for the $243,324.59 balance, attach a federal tax lien on Ligas' real property located at 2424 North Kedzie Boulevard in Chicago, Illinois, and foreclose the tax lien in order to allow a sale of the 2424 North Kedzie property so as to allow for the proceeds of the sale to be offset against Ligas' tax liability. (*Id.* at 5).

This court has not reached the substantive issues in this case because the government did not effect service of process in a manner sufficient to vest this court with jurisdiction over Ligas. The government sought and received from this court, a series of extensions of time for the government to effect service of process. The government after filing its original complaint on February 6, 2004, (Dkt. No. 1), did not serve Ligas and sought an extension on June 3, 2004. (Dkt. No. 3). The court granted the government's extension until September 3, 2004 and apprised the government that no further extensions would be allowed. (Dkt. No. 4). The government's June 3, 2004 motion asserted that several efforts had been made by IRS employees and employees of private process servers to serve Ligas. (*Id.*) The government also asserted that government counsel had been in phone contact with Ligas, and that Ligas had been unwilling to waive personal service and accept service of process by mail. (*Id.*) Furthermore, the government asserted that if an extension was not allowed, the government would be barred from bringing a new action under the statute of limitations. (*Id.*)

Having not accomplished the task of serving Ligas, the government returned to the court on August 30, 2004 with a second request for an extension of time to effect service of process.

(Dkt. No. 6). The government's August 30, 2004 motion and supporting affidavit asserted that the government had been unable to serve Ligas, and Ligas in turn could not be found or had concealed himself within the State of Illinois. (Dkt. Nos. 6-8). The government sought, and this court granted in its September 9, 2004 minute order, service by publication as allowed by applicable federal rule and Illinois law. (Dkt. No. 9).

The government then brought an application for default (Dkt. No. 16), and a motion for entry of foreclosure (Dkt. No. 17), against Ligas. Ligas filed a *pro se* appearance on December 3, 2004 (Dkt. No. 12), for the limited purpose of filing a motion to vacate this court's September 9, 2004 order granting the government an extension of time to effect service and to quash service by publication. (Dkt. No. 19). The appearance listed Ligas' current home address, phone number and his fax number, (Dkt. No. 12), and his current business address was listed in paragraph 14 of an affidavit attached to Ligas' motion.

Ligas' motion to vacate the September 9, 2004 order also included a notice of motion informing government counsel that he, Ligas, would be appearing before this court on December 7, 2004 at 9:00 a.m. to present his motion. Ligas' certificate of service stated that a copy of the motion and the associated notice of the motion was hand delivered to the Assistant United States Attorney involved in the matter at the United States Attorney's Office at the Dirksen Federal Building in Chicago. (Dkt. No. 20). The certificate of service also asserted that a copy of the motion and associated notice of motion was sent by United States mail to the Department of Justice attorney, located in Washington D.C., who is the lead government attorney on the matter.

As he stated he would, Ligas appeared in person before the court *pro se* to present his motions during this court's motion call on Tuesday, December 7, 2004. (Dec. 7, 2004 Tr.). A

5

counsel for the government, though not the lead counsel on the case from Washington D.C., was also present. This court, aware of the government's assertions as to its difficulties in locating Ligas, inquired of government counsel during the December 7, 2004 motions call whether he had a copy of the summons and complaint with which to serve Ligas. (Dec. 7, 2004 Tr. at pg. 4). At the time of the court's inquiry of government counsel on December 7, 2004, Ligas was standing no more than a foot or two from the government counsel. Regardless of whether the government's attempt at service by publication had been effective, which Ligas was challenging in his December 3, 2004 motion, the court thought it might have been prudent for Ligas to have been served at that time.

Government counsel stated, however, that he did not bring to the court proceeding a copy of the complaint and summons with which to serve Ligas. The government, therefore, did not serve Ligas on December 7, 2004 when the government had an easy opportunity to do so.[1]

---

[1] The colloquy between the court, Ligas and government counsel on December 7, 2004 was as follows:

THE COURT: – Well, let me just ask you, Mr. Ligas, are you willing to accept service of process today?

MR. LIGAS: No. Your Honor. We're here to quash.

THE COURT: Do you have a copy of the complaint and a summons that you could hand this man?

MR. TARDIFF [GOVERNMENT COUNSEL]: I do not, Your Honor. I'm sorry.

THE COURT: Well, how long will it take you?

MR. TARDIFF [GOVERNMENT COUNSEL]: I can contact the attorney in D.C. and ask

Instead, the government filed on December 20, 2004 a response to Ligas' motion. (Dkt. No. 23). This court, it its minute order of December 28, 2004, found that the government had not complied with the requirements of 735 ILCS 5/2-206(a), and therefore had to deny the government's application for default and foreclose because the court lacked personal jurisdiction over Ligas. (Dkt. No. 25). The government was given until January 19, 2005 to effect service of process upon Ligas. (*Id.*) The government did not complete service upon Ligas. The government instead filed its January 31, 2005 motion for an extension of time to effect service and to allow service by alternative means (Dkt. No. 27), that this court originally granted in the court's March 1, 2005 opinion (Dkt. Nos. 42, 43).

---

(continued) him to fax me one today.

THE COURT: Thank you. And then you are going to have to chase Mr. Ligas around, when if you –

MR. TARDIFF [GOVERNMENT COUNSEL]: Judge, I –

THE COURT: – had thought about the possibility that he may show up today, since he filed these motions, and since it is possible since he has shown up that you could just moot his motions and get the case proceeding by serving him right now, because he stands within two feet to your right, you can't get this done?

MR. TARDIFF [GOVERNMENT COUNSEL]: That's absolutely correct, Your Honor. I can only do what I'm handed by the attorney in D.C. on this case.

THE COURT: Okay.

(Dec. 7, 2004 Tr. at pg. 4-5).

7

B. The Court's March 1, 2005 Opinion Granting the Government's January 31, 2005 Motion for Extension of Time and Service by Alternative Means

The government's position was that the court should grant its January 31, 2005 motion for an extension of time to effect service and allow for services by alternative means because good cause existed for the government's failure to effect service upon Ligas. (Dkt. No. 43 at 5). The government's position was that it had made repeated and continual attempts to both contact Ligas and effect service of process upon him through the use of IRS employees and private process servers.

Ligas' position was that no good cause existed for the government's inability to serve him because the government had been negligent in its efforts to identity and locate him. (*Id.* at 5-6). Ligas stated was that he was unwilling to waive service of process because he believed that the government was required to follow the rules like any other party litigating a case before the courts. Furthermore, Ligas provides a variety of arguments in support of his view that the government had been negligent in its attempts to serve him.[2]

---

[2] The court's March 1, 2005 opinion summarized Ligas' arguments as follows:

> In supporting his argument of negligence by the government, Ligas' motion asserts that: (1) the government "failed to comply with Illinois law" after this court granted the government's request for service by publication; (2) the government has failed to provide its process servers with "even a remotely accurate description" of Ligas or his vehicle; (3) failed to make proper inquiry into the location of Ligas' business; (4) failed to make diligent inquiries into local newspapers that detailed Ligas' appearance at a funeral. (Dkt. No. 39 at 1-2). Ligas' motion also asserts that one of the government's "process servers stalked and engaged in a reckless vehicular case on the Kennedy Expressway and Ohio Street in Chicago during rush hour traffic on January 14, 2005, senselessly endangering the lives of Mr. Ligas' tenants as well as other motorists." (*Id.* at 7)."

(Dkt. No. 43 at n.1).

The court stated its view of the issues presented by the parties in its March 1, 2005 opinion in the following way:

> The government, like any other party appearing before this court, must follow the law including the requirements of Rule 4 of the Federal Rules of Civil Procedure. It is a close question under the circumstances whether the government has shown "good cause" for its failure to effectuate service. The government has presented various affidavits as to its efforts in serving Ligas and its inabilities in that task. Ligas counters that the government has had several opportunities and that any inability is simply due to the government's [own] negligence in this case. It was the government's decision to wait until near the end of the 10 year statue of limitation period before filing the current complaint against Ligas. Furthermore, the court does not understand why the Assistant United States Attorney [Mr. Tardiff] who appeared on December 7, 2004 did not avail himself of the opportunity to serve Ligas when Ligas appeared in open court after Ligas had provided notice of filing his motion to the government four days earlier stating that Ligas, who was *pro se* at the time, would be personally appearing in court that day.
>
> Despite the government's failure to be more diligent, the court concludes that providing Ligas the necessary and proper service of process has not been a simple undertaking by the government. The government has established sufficient good cause as to its failure to serve Ligas within the 120-day requirement of Rule 4(m). Therefore, this court will grant one last extension of time under Rule 4(m), but the government must comply with the requirements of this order.

(Dkt. No. 43 at 6-7).

This court then proceeded to grant the government's request to serve pursuant to alternative means under Rule 4(e) of the Federal Rules of Civil Procedure ("Rules"), and 735 ILCS 5/2-203.1 in the second portion of the March 1, 2005 opinion. (*Id.* at 7-10). The government then filed its return of service, effectuated pursuant to alternative means of service authorized under this court's March 1, 2005 opinion, with the court on March 21, 2005. (Dkt. No. 48).

C. Factual Information Presented to the Court after the Court Issued it March 1, 2005 Opinion

This court has been apprised of two material facts after the court's March 1, 2005 opinion was issued. The first was that Lade had personally served Ligas on February 28, 2005 at Ligas' home with Lade's third-party claim. Lade filed its return of service with the court on March 11, 2005. Ligas' current motion for reconsider of this court's March 1, 2005 places considerable

9

weight on the fact that Lade was able to effect personal service on Ligas on February 28, 2005. The return of service filed by Lade reports that personal service was effectuated upon Ligas by a Cook County Sheriff's Deputy on February 28, 2005 at 9:45 p.m at Ligas' home at 2424 N. Kedzie. (Dkt. No 44). The service notes one prior attempt at service earlier that evening at 8:30 p.m. (*Id.*)

Ligas argues that Lade's ability to effect service of process within the 120 day time frame under Rule 4(m) demonstrates that Ligas is not evading service of process, but instead shows the government's negligence in its attempts to serve Ligas. (Dkt. No. 45 at 3-4). The government counters that the fact that Lade was able to effect service upon Ligas has no significance on the issue of whether Ligas has been evading the government's attempts at service. According to the government, Ligas' choice to make himself available and accept service on one occasion on February 28, 2005 does not mean that Ligas was not evading service on the prior occasions. (Dkt. No. 49 at 2-3).

The second fact of which the court was not aware when the court issued the March 1, 2005 opinion was that one of the government's process servers, MPSI, could not produce any computer or manual records detailing its attempts to effectuate service of process on Ligas. Upon the receipt of Lade's return of service and Ligas' present motion for reconsideration of the court's March 1, 2005 opinion, of March 15, 2005, this court on March 31, 2005 ordered the government to provide a summary of its attempts to effect service on Ligas. (Dkt. No. 50, 51). The government detailed its efforts at service in its filing on April 14, 2005 and summarized by stating that it had made attempts on more than 24 separate occasions at many times of day and night to effect service on Ligas. (Dkt. No. 51 at 4). The government provided a supplement to

its summary on April 27, 2005. (Dkt. No. 54). In the April 27, 2005 supplement, and supporting declaration from Al Chiappano, president and owner of MPSI, the government informed the court that MPSI had no manual or computer tracking records of its attempts to effect service on Ligas.

## ANALYSIS

This court detailed the appropriate legal standards for evaluating a request for an extension of service under Rule 4(m) in its March 1, 2005 opinion. The issue presented by the pending motion for reconsideration is whether there has been a controlling or significant change in facts since the submission of the issue to the court. Therefore, this court will restate the controlling legal standard that it first articulated in it March 1, 2005 opinion.

The case cannot proceed into the substance of the dispute and arrive at decision binding upon the parties until service of process has be properly effectuated. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party that the complaint names as defendant."). Although Ligas has received actual notice of the government's complaint and is well aware of these proceedings, this court is not permitted to excuse service altogether. *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001).

Service of process is governed under Rule 4. Fed. R. Civ. P. 4. Rule 4(m) provides a 120 day time frame for service of process, and states that if service is not made within 120 days after the filing of the complaint, the court "shall dismiss the action without prejudice or direct that service be effectuated within a specific time." *Id.* Rule 4(m) also requires that the court "shall extend the time for service for an appropriate period" when the "plaintiff shows good cause for

the failure" to effectuate service within 120 days. *Id.* "Good cause means a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dir.*, 290 F.3d 932, 934 (7th Cir. 2002).

The Seventh Circuit has interpreted Rule 4(m) to recognize two types of situations. The first, when a plaintiff has good cause for its failure to effect service, the district court is required to grant an extension of time for service. *Troxel v. Fedders of North America, Inc.*, 160 F.3d 381, 382-83 (7th Cir. 1998). The second, where a plaintiff has no good cause for the failure to effect service, the district court has the choice as to whether to provide an extension of time for service or to dismiss the action. *Id.* It is within the district court's discretion to determine whether a good cause exists for the failure to effect service and whether to provide an extension of time for service when no good cause exists for the failure to serve. *Id.* As long as the district court "properly sets out the relevant law and makes no factual findings that are clearly erroneous, an abuse of discretion exists only if [the district court's decision] was arbitrary or unreasonable." *Id.* at 383.

When the court decided the government's January 31, 2005 motion for extension of time and service by alternative means through its March 1, 2005 opinion, the court faced two conflicting factual positions from the parties. The government's position was that Ligas had been actively evading service. Therefore, according to the government, it had good cause for its failure to serve and deserved an extension as a matter of right. Ligas countered that he was not evading service, but instead the inability of the government to effect service was due to the government's own negligence. The court faces the same factual alignment of the parties in Ligas' present motion for reconsideration.

12

This court believes its previously stated view on the factual situation in this case was incorrect. Consequently, Ligas' pending motion for reconsideration should be granted. Although this court on March 1, 2005 was bothered by what appeared to be evidence of government negligence in the service of Ligas, there still appeared to be ample evidence demonstrating that the government had in fact been sufficiently diligent in its attempts to serve Ligas. In light of the new information that has been presented, this court, however, no longer believes that the government has been diligent in its attempt to serve Ligas.

As discussed in this court's March 1, 2005 opinion, this court thought that the government missed an opportunity to serve Ligas in court when Ligas personally appeared on December 7, 2004. Ligas gave notice of the fact that he was to appear *pro se* before the court both through a hand delivered notice of motion to United States Attorney's office (local counsel in this matter), and mailed notice to the lead government counsel in the Tax Division in Washington, D.C. Ligas was under no legal obligation to personally appear before the court that day. Since that day, in every other court appearance, Ligas has had an attorney to represent him in court, but solely for the purpose of contesting service.

The second issue that this court was concerned about when it issued its March 1, 2005 opinion was the evidence that the private process servers employed by the government may not be the best method for effectuating personal service upon Ligas. Ligas presented information in his February 11, 2005 response to the government's January 31, 2005 motion for extension of time, in which Ligas alleged misconduct by one of the private process servers employed by the government. (Dkt. No. 39). According to Ligas, the process server, in an apparent attempt to serve Ligas, engaged in a car chase of two of Ligas' tenants at high speed, through the streets and

highways of Chicago. (*Id.*) Ligas' position was the event demonstrated the negligence of the government's process servers in that they engaged in a dangerous high speed chase and that they chased the wrong people. He argued that this demonstrated both the government's inability to provide its process servers with a proper description of Ligas or Ligas' vehicle and also the government's inability to properly supervise its process servers.[3]

The third issue that concerned the court when it considered its March 1, 2005 opinion was the government's decision to wait until almost the end of the 10 year statute of limitation period. It appeared to the court that much of the problem in this case was caused by the lateness of the government's filing of this case. One of the underlying issues in this dispute is that if the court dismisses the case under Rule 4, the government faces the possibility that it will be unable to refile the case because the statute of limitations will have run.

Although the court was concerned as to whether each of these three issues demonstrated that the government was negligent in its efforts to effect service when the court issued its March 1, 2005 opinion, and the court did note that it believed it was a "close question," (Dkt. No. 43 at 6), this court ruled in favor of the government having concluded in its March 1, 2005 opinion that the government did have good cause for its failure to effect service on Ligas. The key for the court was the fact that the government did provide evidence detailing its efforts and inabilities to

---

[3] Ligas' position on this matter was actually bolstered by a letter from United States Attorney Patrick J. Fitzgerald. United States Attorney Fitzgerald sent a letter on January 29, 2005 to the Daniel E. Bluthardt, the Acting Director of the Illinois Department of Financial and Professional Regulation, informing Director Bluthardt of the car chase incident. United States Attorney Fitzgerald sent his letter upon receipt of a letter from Ms. Karen P. Sheridan, one of the two individuals who allege that they were wrongfully chased by the process servers. United States Attorney Fitzgerald stated in his letter that "Ms. Sheridan's allegations are serious and we thought it prudent to bring them to your attention." (Dkt. No. 39 at 28).

effect service of process on Ligas. Furthermore, none of the three issues of concern to the court, the government's failure to take advantage of the opportunity to serve Ligas in court on December 7, 2004, the "car chase" incident, and the statute of limitations, appeared to address the government's position that it had continually tried to serve Ligas and Ligas had been evading service.

The two new pieces of factual information presented to this court after its March 1, 2005 opinion, however, directly address the issue of the government's purported diligence in attempting to serve Ligas and the government's argument that Ligas attempted to evade service. There is now undisputed evidence that service of process could be effectuated on Ligas with relative ease as demonstrated by Lade's ability to effect service of process on Ligas on February 28, 2005. This directly supports Ligas' position that he is not evading service and that the government's negligence in its attempts to serve Ligas has been the cause of the government's failure to effect service on Ligas in a timely manner.

Ligas' position is further enhanced by MPSI's failure to provide evidence of its attempts to effect service upon Ligas. The absence of MPSI's records leads to a potential alternative version of events under Federal Rule of Evidence 803(7)[4] that MPSI never actually attempted to serve Ligas during the period of time that it worked for the government. This conclusion about

---

[4] Federal Rule of Evidence 803(7) states:

**Absence of entry in records kept in accordance with the provisions of paragraph (6).**
Evidence that a matter is not included in the memoranda reports, records, or data compilations, in any form, kept in accordance with the provisions of paragraph (6), to prove the nonoccurrence or nonexistence of the matter, if the matter was of a kind of which a memorandum, report, record, or data compilation was regularly made and preserved, unless the sources of information or other circumstances indicate lack of trustworthiness.

15

MPSI, when considered with the events of the "car chase" incident involving a second process server employed by the government, United Processing, Inc., and the question of whether United Processing, Inc. ever had an accurate description of Ligas or Ligas' car, leads to a reasonable conclusion that, at a minimum, the government does not have good cause of its failure to effect service when it used these two seemingly inept process servers. Furthermore, the court must note that there is no evidence that the government ever attempted to effect service of process through the use of authorized governmental agencies, such as the Cook County Sheriff's Department or the United States Marshal's Service.

The government argues that Lade's February 28, 2005 service on Ligas has little to no bearing on whether Ligas was evading the government's service. According to the government, Ligas can easily choose to make himself available for one process server, Lade's server, while choosing to evade the government's process server. This argument fails for several reasons. First and foremost, process servers do not wear identification or uniforms informing the prospective process recipient of the party on whose behalf the process server is attempting to effect service. Potentially, Ligas could have speculated that since it was a Cook County Sheriff's Deputy trying to serve him, that the Sheriff's Deputy was not there on behalf of the government because up to that point the government had not employed a Cook County Sheriff's Deputy in the government's efforts to effect service on him. The court, however, finds that rather unlikely. More likely is the scenario that Ligas had no idea who the Sheriff's Deputy was working for until the Sheriff's Deputy handed Ligas the service of process papers.

Furthermore, there would have been considerable risks to Ligas to make himself available anyone, if he had in fact been evading service, as the government argues. If, as the government

16

argues, Ligas had been evading service for over a year and there had been twenty-four separate government attempts to serve, Ligas' decision to accept service in the hope of supporting an argument in a motion for reconsideration that he was available to be served would have been a highly risky litigation strategy.

Ligas had no idea on the evening of February 28, 2005, when he was served by the Sheriff's Deputy, that this court would the next day be issuing its March 1, 2005 opinion on the government's then pending motion for an extension of time and service by alternative means of January 31, 2005. Ligas also had been in court on December 7, 2004 when the court, upon reviewing Ligas's motion to quash, had suggested the government serve Ligas then and there with a copy of the complaint and summons "and get the case proceeding." (Dec. 7, 2004 Tr. at 4). Thus, Ligas had heard at least once from this court that the court had some willingness to moot the service of process issues raised in the parties' motions if the government was able to effect personal service on Ligas. Thus, if Ligas really has been trying to evade service, it seems to the court that Ligas would not have made himself available to be served with process by the Sheriff's Deputy on February 28, 2005.

In light of the new factual information presented to the court after its March 1, 2005 opinion, this court concludes that the government does not have good cause for its previous failures to effect service of process on Ligas. This court, in exercising its discretion, holds that the proper remedy under Rule 4(m) is to reconsider its March 1, 2005 decision and not grant the government additional time and an expanded means for the effectuation of service on Ligas.

This court allowed the government great latitude in this case to effect service by granting the government's request for extensions of time in this case. This court now believes, based on

the facts not previously known to the court, that the government lacked good cause for its inability effect service of process on Ligas within 120 day time requirement of Rule 4(m).

## CONCLUSION

For the reasons set forth herein, Ligas' present motion of March 15, 2005 for the reconsideration and vacating of this court's March 1, 2005 order (Dkt. No. 45), is granted. This court's March 1, 2005 order (Dkt. Nos. 42, 43), granting the government's motion of January 31, 2005 for an extension of time to effectuate service and to allow service by alternative means (Dkt. No. 27), is vacated and upon reconsideration is denied. The government's service effected by alternative means of March 21, 2005 is quashed. (Dkt. No. 48). The government's First Amended Complaint of August 27, 2004 (Dkt. No. 5), is dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Lade's brief addressing whether this court continues to have subject matter jurisdiction over its remaining claim, in light of the dismissal of the government as a party, is due no later than May 27, 2005. Ligas' response on the issue of subject matter jurisdiction is due no later than June 10, 2005. Lade's reply is due no later than June 17, 2005.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: May 17, 2005

18