IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 930 |
| | ) | |
| LAWRENCE J. LIGAS | ) | |
| LADE BANK, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff United States of America ("government"), filed a complaint on February 6, 2004 against defendant Lawrence J. Ligas ("Ligas"), seeking payment of back taxes, interest and penalties. (Dkt. No. 1). The government was unable to effectuate service of process within the 120-day requirement of Rule 4(m) of the Federal Rules of Civil Procedure ("Rules"), and so it sought, and received from this court, two extensions of time during 2004. (Dkt. Nos. 4, 9). On March 1, 2005, this court granted the government's motion of January 31, 2005 for an additional extension of time to effectuate service and service by alternative means. (Dkt. No. 42, 43). The court granted the government's motion of March 1, 2005 based on the court's belief that "[t]he government [had] established sufficient good cause as to its failure to serve Ligas within the 120-day requirement of Rule 4(m)." (Dkt. No. 43 at pg. 7).

On May 17, 2005, this court, based on information not previously provided, reconsidered and vacated its March 1, 2005 opinion. (Dkt. Nos. 63, 64). In the May 17, 2005 memorandum opinion and order, this court also denied the government's motion of January 31, 2005 for an extension of time and service by alternative means, quashed the government's service by alternative means of March 21, 2005 and dismissed the government's First Amended Complaint.

(*Id.*) On the same day, but after receiving a copy of this court's memorandum opinion and order of May 17, 2005, Ligas filed the present motion to quash and release the federal tax liens. (Dkt. No. 57). In response to Ligas' pending motion, the government filed its pending cross-motion for revision of this court's May 17, 2005 order. (Dkt. No. 61). For the reasons set forth below, this court denies Ligas' motion of May 17, 2005 to quash and release the federal tax liens (Dkt. No. 57), and grants the government's cross-motion for revision of the court's May 17, 2005 order. (Dkt. No. 61).

## ANALYSIS

### A. Ligas' Motion of May 17, 2005 to Quash and Release Federal Tax Liens

According to Ligas' May 17, 2005 motion, the government has recorded two liens[1] with the Cook County Recorder of Deeds on his property. Ligas' position is that this court's May 17, 2005 memorandum and opinion dismissing the government's First Amended Complaint without prejudice "is, in effect, with prejudice, because the government is barred from refiling its claim by the statute of limitations." (Dkt. No. 57 at pg. 1). Ligas concludes that the statute of limitations makes the government's tax claim uncollectable and therefore the tax liens must be released from his property. (*Id.* at pg. 2-3). Ligas' position is incorrect and this court must deny his motion of May 17, 2005 for an order quashing and releasing the tax liens on his property.

The court's May 17, 2005 order states "[t]he government's First Amended Complaint of August 27, 2004 (Dkt. No. 5), is dismissed without prejudice pursuant to Rule 4(m) of the

---

[1] The two liens at question in this matter are 0327901308 in the amount of $67,917.00 and 0327901309 in the amount of $41,808.00. Both liens were executed on September 19, 2003, recorded on October 6, 2003, and list the Internal Revenue Service as grantor and Lawrence J. Ligas as grantee. (Dkt. No. 57, Ex. A, B).

2

Federal Rules of Civil Procedure." (Dkt. No. 63, 64 at pg. 18). Although the parties seem to recognize that the statute of limitations may have now run in connection with this litigation, the court has not made a determination addressing the statute of limitations issue. Ligas' statement, that the court's May 17, 2005 dismissal of the government's First Amended Complaint "is, in effect, with prejudice," (Dkt. No. 57 at pg. 1), is a conclusion unsupported by the present record in this case.

The court's May 17, 2005 order dismissed the government's First Amended Complaint. However, the government has the opportunity to file a Second Amended Complaint with this court because the court's May 17, 2005 order dismissed the case without prejudice. *See Furnace v. Bd. of Tr. of Southern Illinois Univ.*, 218 F.3d 666, 669 (7th Cir. 2000) ("[A]n order dismissing a complaint without prejudice is not appealable because the plaintiff may file an amended complaint."). Ligas could then assert the statute of limitations as a defense, if he so chooses, to the government's Second Amended Complaint, *see Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004) (citations omitted) ("[T]he basic rule [is] that the statute of limitations is an affirmative defense ... [and] the resolution of the statute of limitations comes after the complaint stage."), or Ligas could bring his own suit pursuant to the Quiet Title Act, 28 U.S.C. § 2410, to litigate the statute of limitations issue.

After the consideration of the statute of limitations issue by this or another court, that future court decision might determine that this court's May 17, 2005 dismissal without prejudice had "the effect of dismissal with prejudice because the statute of limitations has run since the filing of the suit." *Coleman v. Milwaukee Bd. of Sch. Dir.*, 290 F.3d 932, 934 (7th Cir. 2002). The determination of the application of the statute of limitations, however, is a question of fact

involving multiple issues including the length of the statute, the date the statute began to run, whether any events tolled the application of the statute or allow for the relation back of claims, and the date the original complaint was filed. The parties have only made tangential references to the statute of limitations within the context of their arguments as to how the court should exercise its discretion under Rule 4(m) when considering the government's requested extensions of time to effectuate service. This court never received any factual evidence from the parties on the statute of limitations issue and never evaluated on the merits what effect, if any, the statute of limitations could have on the court's May 17, 2005 opinion ordering a dismissal without prejudice. The court cannot, at this time, hold that the statute of limitations converts the May 17, 2005 dismissal from one that was without prejudice into one that is with prejudice as Ligas argues. This court must deny Ligas' present motion of May 17, 2005 to quash and release the tax liens from his property.

The court must also note that even if the court could definitively evaluate the statute of limitations issue, this court would still have to deny Ligas' present motion to quash the tax liens on his property. Ligas' motion does not state that he will provide any type of bond or other collateral in place of the government's tax liens. He also does not state that he has any other assets from which he could satisfy the taxes that he allegedly owes the government.

Assuming that the tax liens protect the government's interest in Ligas' only asset, and Ligas has provided no evidence that he has any other assets, allowing for the removal of the tax liens could result in the sale of the property and effectively eliminate the government's right to appeal. This court must protect both a losing party's right to appeal and the Seventh Circuit's

appellate jurisdiction.[2] *Cf. In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (*quoting In re McDonald*, 489 U.S. 180, 184 n.8 (1989) ("Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.") (citations omitted)).

B. The Government's Cross-Motion for Revision of the Court's May 17, 2005 Order

The government has filed its pending cross-motion for the revision of the court's May 17, 2005 order in light of Ligas's May 17, 2005 motion to quash the tax liens on his property. (Dkt. No. 61). The government's position is that Ligas has waived his objections to the government's ability to effectuate service of process and has consented to this court's jurisdiction by voluntarily appearing in this matter. According to the government, Ligas voluntarily appeared when he filed his motion on May 17, 2005 for the affirmative relief of the quashing of the tax liens.

Ligas counters that he has not waived his objection to the government's failure to effectuate service of process and continues to allege that this court lacks personal jurisdiction over him. His position is that he has always appeared before this court under "a special and limited appearance solely for the purpose of contesting service." The May 17, 2005 motion is not an independent claim for relief, according to Ligas, but instead seeks to effectuate this court's

---

[2] The government argues that the Tax Anti-Injunction Act, 26 U.S.C. § 7421, prevents this court from restraining the collection of Ligas' taxes including prohibiting this court's issuance of an injunction ordering the government to release the liens on Ligas' property. The Seventh Circuit has held, however, that the Tax Anti-Injunction Act "bars a suit challenging the collection or assessment of taxes, but not a suit to remove a lien without questioning the entitlement of the government to collect the taxes in some other way." *Harrell v. United States*, 13 F.3d 232, 234 (7th Cir. 1993). This court need not enter into a consideration of whether the Tax Anti-Injunction Act applies in this case because the court's decision to deny Ligas' motion to quash the government's tax lien is based on other unrelated reasoning.

5

May 17, 2005 order on the service of process issue. Ligas also makes a variety of procedural arguments that he asserts bar the government's cross motion.

Ligas procedural and substantive arguments are unpersuasive to the court. As explained more fully below, this court holds that Ligas' motion of May 17, 2005 was an affirmative act beyond his prior acts contesting service. Ligas' affirmative act has the effect of waiving his objections to the service of process and personal jurisdiction issues pursuant to Rule 12(h). This court has personal jurisdiction over Ligas. Furthermore, submission to this court's jurisdiction moots the court's prior consideration of Ligas' arguments over the government's attempts to effectuate service. This court therefore vacates as moot its May 17, 2005 memorandum opinion and order, (Dkt. No. 63, 64) and reinstates the government's First Amended Complaint of August 27, 2004. (Dkt. No. 4).

### 1. Ligas' Procedural Arguments

#### a. Equitable Arguments

Ligas argues that the government is barred from bringing its cross motion under the equitable doctrines of estoppel and laches. He argues that he previously requested the relief of the quashing of the tax liens in his February 11, 2005 response and the government did not make any argument at that time that the inclusion of that requested relief vested the court with personal jurisdiction. According to Ligas, the government's failure to object to his requested relief of February 11, 2005 results in barring the government from bringing this argument under the doctrine of laches.

Estoppel and laches are equitable doctrines that are governed by the rules of equity. "He who comes into equity must come with clean hands." *Dr. Franklin Perkins Sch. v. Freeman*, 741

F.2d 1503, 1517 (7th Cir. 1984) (citations omitted). Neither party is fully free from equitable fault in this case but Ligas now seeks the benefit of equity. The court is not inclined to give the benefit of equity to Ligas.

Ligas has litigated this case on procedure. He has demanded appropriate compliance by the government with the Federal Rules of Civil Procedure. Perhaps Ligas had hoped that the government's inability to effectuate service, coupled with the statute of limitations, would result in him prevailing in this matter without having to address the substance of the government's complaint. Ligas now has committed his own procedural misstep and the government is using Ligas' own strategy of demanding compliance with the federal procedural rules against Ligas. Ligas cannot cry foul when the government turns the tables and uses the same strategy that Ligas had been previously employing against the government.

Ligas' laches argument must also be denied because Ligas has not experienced any prejudice from the government's alleged failure to bring this issue forward earlier. "For laches to apply in a particular case, the party asserting the defense must demonstrate: (1) an unreasonable lack of diligence by the party against whom the defense is asserted and (2) prejudice arising therefrom." *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 820 (7th Cir. 1999) (quoting *Cannon v. Univ. of Health Sci. / The Chicago Med. Sch.*, 710 F.2d 351, 359 (7th Cir. 1983)).

Ligas argues that the government should have made this argument when he sought this relief in his response of February 11, 2005. Ligas' February 11, 2005 response was part of the briefing on the government's January 31, 2005 motion for an extension of time and service by alternative means. Ligas has now taken an additional affirmative step, not taken in his February 11, 2005 response, of filing a separate motion on May 17, 2005 seeking affirmative relief from

7

this court. Furthermore, the court cannot see how Ligas has experienced any prejudice from the government's alleged failure to address this issue earlier. Any prejudice to Ligas' position has been caused by Ligas' own act of filing his May 17, 2005 motion.

### b. The Court's Ability to Reexamine it May 17, 2005 decision

Ligas also argues that this court cannot reexamine its May 17, 2005 decision. He argues that the court's May 17, 2005 decision is *res judicata* on the issue of personal jurisdiction. Additionally, Ligas argues that the court is barred from reexamining the May 17, 2005 decision.

"The doctrine of *res judicata* bars further litigation of matters decided in a prior action where there has been (1) a final judgment on the merits in an earlier action; (2) an identity of the causes of action in both the earlier and later suit; and (3) an identity of parties or privies in the two suits." *Tsau v. Nat'l Sci Found.*, No. 04 C 5634, 2004 WL 3008747, at *2 (N.D. Ill. Dec. 28, 2004) (citing *La Preferida Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 907 (7th Cir. 1990)). Ligas' statement that "[t]his court has issued its ruling on the issue of personal jurisdiction, and that issue is *res judicata*" is disingenuous. (Dkt. No. 67 at pg. 6). Ligas and the government are still litigating within the same case while *res judicata* applies to a second case where a party tries to relitigate the same issues against the same opponent. Additionally, the court's May 17, 2005 decision is an interlocutory decision since the dismissal was issued without prejudice leaving the government an opportunity to file a Second Amended Complaint. *Res judicata* requires the entry of final judgment, an interlocutory decision is not automatically sufficient for preclusion purposes. *Cf. Heath v. Wal-mart Stores, Inc.*, 181 F. Supp. 2d 984, 987 (S.D. Ind. 2002) (citing *Freeman v. Kohl & Vick Mach. Works Inc.*, 673 F.2d 196, 201 (7th Cir. 1982); *Kirby v. P.R. Mallory & Co., Inc.*, 489 F.2d 904, 912 (7th Cir. 1973) (holding that denial

of summary judgment is automatically an interlocutory decision without *res judicata* effect while the granting of summary judgment may or may not have *res judicata* effect depending on whether it is an interlocutory order or final judgment)).

The law of the case doctrine also does not preclude the reexamination of the court's May 17, 2005 opinion. "The 'law of the case' doctrine prevents courts from revisiting prior decisions of its own or a coordinate court 'in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.' ... But the doctrine 'merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.'" *Cardenas v. RIA Telecomm., Inc.*, No. 00 C 6393, 2001 WL 536043, at *2 (N.D. Ill. May 18, 2001) (citations omitted). This exception to the preclusive effect of the law of the case doctrine is consistent with the court's power to reconsider an interlocutory decision. Although there is an open question as to whether a court's power to reconsider a prior interlocutory decision is based on the court's inherent power, the common law and or Rule 54(b), it is clear that a court does have the authority to reexamine its prior decisions when appropriate under the circumstances. *Ramada Franchise Sys., Inc. v. Royal Vale Hospitality of Cincinnati, Inc.*, No. 02 C 1941, 2004 WL 2966948, at *3 (N.D. Ill. Nov. 24, 2004).

The law of the case doctrine does not prevent a court, vested with jurisdiction, from reexamining a prior interlocutory decision because of intervening change in legal authority, new and previously undiscoverable evidence or other changes in circumstance that justify the court's reexamination of its prior decision. *Vidimos, Inc. v. Wysong Laser Co., Inc.*, 179 F.3d 1063, 1065 (7th Cir. 1999) (citations omitted). These changes in circumstances under the law of the case doctrine are consistent with the change in circumstances recognized by the Seventh Circuit

9

as appropriate situations for a motion for reconsideration. A court should reconsider its prior decision if "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." *Ramada Franchise Sys, Inc.*, No. 02 C 1941, 2004 WL 2966948, at *3 (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

Although the court has the authority to reexamine its prior interlocutory decisions, it is a task in which it does not relish. This court has now reexamined and vacated its March 1, 2005 (Dkt Nos. 42, 43), and May 17, 2005 (Dkt. Nos. 63, 64) decisions in this case. The court believes, however, that new facts and circumstances not available to the court at the time of issuance of each of these prior two decisions mandated the court's reconsideration. In the present circumstance, Ligas' availment of this court's jurisdiction through the filing of his May 17, 2005 motion mandates a reconsideration by the court of its May 17, 2005 memorandum opinion and order.

### 2. Ligas' Substantive Argument

Ligas' substantive argument is that his May 17, 2005 motion seeking the quashing of the tax liens is not an affirmative act and therefore did not waive his objection to the lack of service of process. As discussed above, Ligas has affirmatively consented to this court's personal jurisdiction over him and therefore has waived his objection to service of process.

Objections over insufficiency of process, as a defense listed under Rule 12(h)(1), must be

made in the first motion or responsive pleading filed with the court or it is waived. Fed. R. Civ. P. 12(h). Furthermore, "a rule 12(h)(1) defense may be waived by a 'formal submission in a cause, or by submission through conduct.'" *Schmude v. Sheahan*, 214 F.R.D. 487, 491 (N.D. Ill. 2003) (quoting *Trustees of Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732 (7th Cir. 1991)).

Ligas' request for quashing of the tax liens is a formal request for relief that goes beyond his originally requested relief of challenging the lack of the government's service of process. Ligas' only available relief for challenging service of process is the dismissal of government's complaint under Rule 4(m). The May 17, 2005 motion seeking the additional relief of quashing the tax liens moved beyond the service of process issue and resulted in Ligas' submission to this cause through his conduct. This court has jurisdiction over Ligas.

## CONCLUSION

For the reasons set forth above, Ligas' motion of May 17, 2005 to quash and release the federal tax liens (Dkt. No. 57) is denied. The government's cross-motion of May 18, 2005 for revision of the court's May 17, 2005 order (Dkt. No. 61), is granted. The court's May 17, 2005 memorandum opinion and order dismissing the government's First Amended Complaint of August 27, 2004 without prejudice is vacated. Ligas is ordered to file an answer to the government's August 27, 2004 First Amended Complaint (Dkt. No. 4), and the government and Ligas are ordered to respond to Lade Bank's Third-Party Complaint and Counterclaim of November 3, 2004 (Dkt. No. 14), on or before July 25, 2005. Counsel are requested to hold a Rule 26(f) conference and file a jointly completed Form 35 signed by counsel for each party on

or before August 12, 2005. This case is set for a report on status and entry of a scheduling order at 9:00am on August 18, 2005.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: July 8, 2005