IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 930 |
| | ) | |
| LAWRENCE J. LIGAS and LABE BANK, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On February 6, 2004, the United States of America ("government"), filed a complaint alleging that defendant Lawrence J. Ligas ("Mr. Ligas"), owed $243,324.59 in back taxes, interest and penalties as of February 8, 2004 and sought a judgment for the unpaid balance. (Dkt. No. 1). The government filed a first amended complaint on August 27, 2004 adding Labe Bank as a defendant and seeking the additional relief of foreclosure of the tax lien levied on Mr. Ligas' residence located in Chicago, Illinois. (Dkt. No. 5). Labe filed an answer, counterclaim and third-party complaint on November 3, 2004 seeking foreclosure of the mortgage, personal judgment for the deficiency, an order granting possession and attorneys' fees and costs. (Dkt. No. 14). Labe Bank named Lisa M. Ligas ("Ms. Ligas"), as a third-party defendant in its November 3, 2004 third-party complaint in addition to the government and Mr. Ligas. (*Id.*) Now pending before this court are: (1) the government's motion of February 1, 2006 for summary judgment, (Dkt. No. 111), (2) Mr. Ligas' motion of February 24, 2006 for this court to reconsider Judge Keys' January 27, 2006 decision, (Dkt. No. 132), (3) Labe Bank's motion of February 2, 2006 to withdraw as counsel, (Dkt. No. 113), (4) Mr. Ligas' motion of March 6,

2006 to disqualify Labe Bank's counsel, (Dkt. No. 136) and (5) Labe Bank's motion of March 28, 2006 for leave to file an appearance. (Dkt. No. 150). For the reasons set forth below, this court denies, without prejudice, the government's motion for summary judgment, denies Mr. Ligas' motion to reconsider Judge Keys' decision, grants Labe Bank's motion to withdraw, denies Mr. Ligas' motion to disqualify and grants Labe Bank's motion to file an appearance.

BACKGROUND

The parties spent considerable time in 2004 and 2005 arguing over whether proper service of process had been effected on Mr. Ligas, (Dkt Nos. 42, 43, 63, 64), but ultimately this court established that it did have personal jurisdiction as to Mr. Ligas after he consented to this court's jurisdiction. (Dkt. Nos. 70, 71). Mr. Ligas filed an answer to the amended complaint and responded to the counterclaim on July 25, 2005 (Dkt. Nos. 72, 73), and this court entered a scheduling order in this case on September 15, 2005. (Dkt. No 94). The court's scheduling order set discovery to be closed by January 13, 2006, the filing for dispositive motions for February 10, 2006, the filing of the final pretrial order for May 13, 2006 and set the case for trial on June 5, 2006. (Dkt. No. 94). This court referred supervision of discovery disputes and settlement conferences to Magistrate Judge Keys. (Dkt. No. 83).

The government moved for summary judgment on November 16, 2005 (Dkt. No. 87), and Mr. Ligas filed a motion to stay discovery on November 28, 2005. (Dkt. No. 95). Applying Rule 56(f) of the Federal Rules of Civil Procedure ("Rules"), this court denied the government's motion for summary judgment without prejudice, and in turn Mr. Ligas' motion to stay discovery, ruling that the parties should complete discovery before proceeding with summary judgment. (Dkt. No. 97). On January 17, 2006, four days after the scheduled close of discovery,

2

the parties reported that discovery was complete except for the items they listed in open court and the items sought in two motions to compel filed with Judge Keys. (Dkt. No 104). Mr. Ligas had two motions to compel discovery, one that he had previously filed on January 10, 2006 (Dkt. No. 101), and one he would later file on January 24, 2006. (Dkt. No. 105). Judge Keys heard oral argument on the motions to compel discovery on January 27, 2006 and ruled on the points raised by counsel. (Dkt. No. 110). On January 21, 2006 Mr. Ligas was granted until March 31, 2006 to complete discovery as to the government. (Dkt. No. 125). This court is setting a new discovery schedule and closing date for claims between Labe Bank and Mr. Ligas at the conclusion of this opinion.

## ANALYSIS

A.  Motions Involving the Government and Mr. Ligas

1.  The Government's Motion of February 1, 2006 for Summary Judgment (Dkt. No. 111)

Mr. Ligas argues that the government's motion for summary judgment should be denied pursuant to Rule 56(f) because he has been unable to complete discovery. The government counters that Mr. Ligas seeks information in discovery that is not relevant, his Rule 56(f) argument should be rejected and this court should enter judgment in the government's favor.

In light of Mr. Ligas' objections to Judge Keys' discovery ruling, which this court addresses later in this opinion, the court believes the fairest way to proceed at this juncture is to deny, without prejudice, the government's February 1, 2006 motion for summary judgment pursuant to Rule 56(f). Mr. Ligas' pending motion objecting to Judge Keys' January 27, 2006 is the last remaining discovery issue and the court is addressing that motion next in this opinion. Upon this court's ruling, discovery between the government and Mr. Ligas will be complete and

the court will set a final summary judgment schedule for motions between the government and Mr. Ligas at the conclusion of this opinion.

> 2. Mr. Ligas' Motion of February 24, 2006 to Reconsider Judge Keys' January 27, 2006 Decision (Dkt. No. 132)

On January 10, 2006, Mr. Ligas filed a motion to compel discovery he sought from the government. (Dkt. No. 101). Mr. Ligas sought information from the government relating to his October 26, 2005 interrogatories and request for production of documents, and his December 5, 2005 second set of interrogatories and request for production of documents. Mr. Ligas sought the name, current address, function, responsibility, education, employment history, nature of the activities, supervisors of the IRS employees who worked on his case, whether documents created by these employees had ever been revoked, whether IRS employees signed off on documents for each other, whether the government served documents to him without formal process, every assessment form produced by the IRS, documentation to support every government response to his interrogatories and he seeks to depose 10 IRS employees.

The government responded on January 20, 2006 that the information sought by Mr. Ligas was irrelevant, could not lead to the discovery of admissible evidence and, therefore, the motion to compel should be denied. The government's position was that it is seeking recovery of unpaid income and FICA taxes owed by the L.J. Ligas corporation and from Ligas pursuant to the Trust Fund Recovery provision of the IRS Code. 26 U.S.C. § 6672. The government, citing three Seventh Circuit's decisions, argued that the only issues to be determined in this case are whether (1) Mr. Ligas was "the "responsible person," *ie*, one who by virtue of his authority over the financial affairs of the business is required to collect, account for, and pay over the tax; and (2) [Mr. Ligas] willfully failed to see to it that the taxes were collected, accounted for and paid to the

4

government." (Dkt. No. 103-1 at pg. 4) (citing *United States v. Kim*, 111 F.3d 1351, 1357 (7th Cir. 1997); *Thomas v. United States*, 41 F.3d 1109, 1113 (7th Cir. 1994); *Bowlen v. United States*, 956 F.2d 723, 727 (7th Cir. 1992)). The government also objected to the form and number of the interrogatories and request for documents.

Judge Keys heard oral argument from the parties on Mr. Ligas' motion to compel on January 27, 2006. Judge Keys denied the majority of Mr. Ligas' requested discovery set forth in his motion to compel. (Dkt. No. 110). Judge Keys rejected Mr. Ligas' attempt to compel the government to answer the first and second interrogatories and requests for production of documents. The only discovery ordered by Judge Keys related to the issue of whether the government attempted to collect from Mr. Ligas' corporation. The government had argued before Judge Keys that the issue of whether the government had first attempted to collect from Mr. Ligas' corporation was irrelevant under the Trust Fund Recovery statute. This court recognizes that the government has not conceded this argument but instead provided the discovery material per Judge Keys' order.

Mr. Ligas argues in his pending motion of February 24, 2006, (Dkt. No. 132), that he has a right to the discovery material that he requested in his first and second interrogatories and requests for production of documents. Mr. Ligas further objects to extent of what the government disclosed in its response to Judge Keys' order on the issue of whether the government attempted to first collect from Mr. Ligas' corporation. In his reply brief, Mr. Ligas, expanding on his argument made before Judge Keys and added the additional allegation that government counsel is continuing to partake in a pattern of "obstructionist behavior" in this case.

The government counters that the pending motion is untimely and should be rejected on

5

that basis alone. On the merits, the government continues to argue its position that the material requested by Mr. Ligas is irrelevant and therefore should not be provided. Putting an end to the briefing, the government has not requested the opportunity to file a sur-reply and, therefore, has not responded to Mr. Ligas' charge of "obstructionist behavior."

Although Mr. Ligas captions his motion as a motion to reconsider, this court construes his motion to be his objections to Judge Keys' January 27, 2006 ruling.[1] Objections to a Magistrate Judge's decision on nondispositive matters are governed by Rule 72(a) and 28 U.S.C. § 636(b)(1). *Clark v. Experian Info. Solutions, Inc.*, No. 03 C 7882, 2006 WL 931677, at *1 (N.D. Ill. Apr. 10, 2006) (citing *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). A party may serve and file objections to a Magistrate Judge's order within 10 days of being served with a copy of the order. Fed. R. Civ. P. 72(a). Mr. Ligas objections are

---

[1] A motion to reconsideration is to be presented to the court that made the initial ruling that the party now wants reconsidered. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). A motion for reconsideration is appropriate if "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." *United States v. Ligas*, No. 04 C 930, 2005 WL 1669894, at *1 (N.D. Ill. May 17, 2005) (citing *Rochester Cheese Sales, Inc.*, 906 F.2d at 1191; *Ramada Franchise Sys., Inc. v. Royal Vale Hospitality of Cincinnati, Inc.*, No. 02 C 1941, 2004 WL 2966948 (N.D. Ill. Nov. 24, 2004) (*see generally* Judge Filip's *Ramada Franchise* opinion for an excellent discussion of the efforts by courts in this district to determine the jurisdictional basis for their authority to reconsider interlocutory decisions)).

Mr. Ligas' present arguments do not fit within one of the five reasons for reconsideration established by the Seventh Circuit under *Rochester Cheese Sales, Inc.*, because Mr. Ligas does not want Judge Keys to reconsider his prior ruling. Instead, Mr. Ligas is arguing that Judge Keys erred in his January 27, 2006 ruling and he wants this court to reverse Judge Keys' decision. *See State Bank of India v. Commercial Steel Corp.*, No. 97 C 1150, 2001 WL 423001, at *1-2 (N.D. Ill. Apr. 24, 2001).

timely because he informed the court at the February 7, 2006 status, within the 10 day period set forth in Rule 72(a), of his desire to file objections and this court, within its discretion, set a schedule for briefing on these objections. (Dkt. No. 118). Alternatively, Rule 72(a)'s ten day filing requirement is not jurisdictional and this court has the discretion to consider late objections. *See Anderson v. Hale*, 159 F. Supp. 2d 1116, 1117 (N.D. Ill. 2001) (citing *Krugel v. Apfel*, 215 F.3d 784 (7th Cir. 2000)).

Proceeding to the merits of Mr. Ligas' objections, this court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Fid. Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, No. 00 C 5658, 2002 WL 1433584, at *2 (N.D. Ill. July 2, 2002) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). This court's review is deferential and the court will only set aside and modify a decision that "contains some clearly apparent mistake." *F.T.C. v. Pacific First Ben., LLC*, 361 F. Supp. 2d 751, 754 (N.D. Ill. 2005) (citing *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997); *Chavez v. Illinois State Police*, 27 F. Supp. 2d 1053, 1066 (N.D. Ill. 1998)).

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "The burden rests upon the objecting party to

show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, – F. Supp. 2d –, No. 05 C 4620, 2006 WL 1069115, at *2 (N.D. Ill. Apr. 20, 2006) (citing *Rubin v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004)). "A party may file a motion to compel discovery under Rule 37 where another party fails to respond to a discovery request or where the party's response is evasive or incomplete." *Id.* (citing Fed. R. Civ. P. 37(a)(2)-(3)). A court has broad discretion under the federal rules to resolve discovery disputes and a motion to compel discovery is granted or denied at the discretion of the trial court. *Shapo v. Engle*, No. 98 C 7909, 2001 WL 629303, at *2 (N.D. Ill. May 25, 2001) (citing *Meyer v. S. Pac. Lines*, 199 F.R.D. 610, 611 (N.D. Ill. 2001)).

"Deficiencies determined by the Commissioner of Internal Revenue are presumed to be correct and the taxpayer bears the burden of proving otherwise." *Kikalos v. Commissioner*, 434 F.3d 977, 982 (7th Cir. 2006); *see e.g.*, Pittman *v. Commissioner*, 100 F.3d 1308, 1313 (7th Cir. 1996) ("The Commissioner's tax deficiency assessments are entitled to the 'presumption of correctness.' This presumption imposes upon the taxpayer the burden of proving the assessment is erroneous."). As the Seventh Circuit stated in *Ruth v. United States*,

> In general, courts will not look behind an assessment to evaluate the procedure and evidence used in making the assessment. Rather, courts conduct a *de novo* review of the correctness of the assessment, imposing the risk of nonpersuasion on the taxpayer. In certain quite limited circumstances, however, courts recognize that an assessment should not be accorded even a rebuttable presumption of correctness. For example, when the assessment is shown to be without "rational foundation" or "arbitrary and erroneous," the presumption should not be recognized. ... The question at issue is whether Ruth was a responsible person who willfully violated § 6672 duties. As long as the procedures used and the evidence relied upon by the government to determine the assessment had rational
>
> foundation, the inquiry focuses on the merits of the tax liability, not on IRS procedures.

8

823 F.2d 1091, 1094 (7th Cir. 1987).

The government properly outlined this standard before Judge Keys at the January 27, 2006 argument.[2] Mr. Ligas' response was that he had a right to the proposed discovery because that would allow him to rebut the presumption of correction by demonstrating that the IRS had failed to follow proper procedures in this case.[3] However, "courts commonly find [that the taxpayer has rebutted the presumption of reasonableness and shown that the tax assessment is without rational foundation or is arbitrary and erroneous] when the Commissioner makes no

---

[2] GOVERNMENT COUNSEL (MR. SNOEYENBOS): Judge ... the issue in the case is is he liable or is he not liable? Does he owe the tax or not? And all these IRS procedures that they're trying to delve into have nothing to do with the issue which is a de novo review of whether he owes income tax for 1988, 1989, and 1990 or whether — and whether he's a responsible person who acted willfully with respect to a company with his own name L.J. Ligas, Inc. in 1987 and 1988. So now he's trying to come in later and say, oh, we're going to raise this issue, raise that issue. That's just a smoke screen that's completely separate and apart from the real issues in this case, which are is his liable or not. (Jan. 27, 2006 Tr. pg. 15, Keys, J.).

[3] COUNSEL TO MR. LIGAS (MS. LIGAS): Your Honor, there is case law also that indicates, your Honor, that the assessment procedures must be followed and that the IRS has established its own procedures. If the IRS fails to comply with its own procedures there is no proof of a valid assessment. And in this case, what the taxpayer is seeking to find out is whether the whole process followed by the IRS complies with the IRS' own rules. (Jan. 27, 2006 Tr. pg. 15, Keys, J.).

evidentiary showing at all but simply rests on the presumption or when the Commissioner's evidence completely fails to link the taxpayer to alleged unreported income." *Pittman*, 100 F.3d at 1313.

This court concludes that Judge Keys's January 27, 2006 decision was correct. Judge Keys properly considered the applicable standards of law and factual issues and made a determination as to how to best proceed with discovery in this case. The controlling standard in the Seventh Circuit is that in general "courts will not look behind an assessment to evaluate the procedure and evidence used in making the assessment. Rather, courts conduct a *de novo* review of the correctness of the assessment, imposing the risk of nonpersuasion on the taxpayer." *Ruth v. United States*, 823 F.2d 1091, 1094 (7th Cir. 1987). Mr. Ligas does have the right to attempt to rebut the assessment by demonstrating that the IRS did not have a rational basis for the assessment. However, Judge Keys, in his discretion, concluded that the propounded discovery would not assist Mr. Ligas is demonstrating that he did not owe the taxes or that the assessment lacked a rational basis. In reviewing that decision, this court cannot conclude that Judge Keys made "any clearly apparent mistake." *F.T.C. v. Pacific First Ben., LLC*, 361 F. Supp. 2d 751, 754 (N.D. Ill. 2005) (citing *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997); *Chavez v. Illinois State Police*, 27 F. Supp. 2d 1053, 1066 (N.D. Ill. 1998)). Ligas' pending objections of February 24, 2006 to Judge Keys' January 27, 2006 decision (Dkt. No. 132) are denied.

As for Mr. Ligas' argument that the government's letter and documents provided on February 3, 2006 in response to Judge Keys' January 27, 2006 order is unresponsive, the court believes that the government has been responsive and has complied with Judge Keys' order.

Discovery between Mr. Ligas and the government is concluded.

B.  Motions Involving Ligas and Labe Bank

There are three pending motions involving Mr. Ligas and Labe Bank, Labe Bank's motion of February 2, 2006 to withdraw Damashek as counsel, (Dkt. No. 113), Mr. Ligas' motion of March 6, 2006 to disqualify Labe Bank's counsel, (Dkt. No. 136) and Labe Bank's motion of March 28, 2006 for leave to file an appearance. (Dkt. No. 150). These motions are related and so the court shall discuss them together.

The government's initial complaint of February 6, 2004 only named Mr. Ligas as a defendant. (Dkt. No. 1). The amended complaint of August 27, 2004 added Labe Bank as a defendant. (Dkt. No. 5). Ronald A. Damashek ("Damashek"), of Stahl, Cowen, Crowley LLC ("Stahl Cowen"), filed an appearance on September 22, 2004 appearing for Labe Bank. (Dkt. No. 10). Damashek is currently recorded on the docket as the lead attorney for Labe Bank. He is also the only attorney listed on the docket for Labe Bank.

According to Damashek' February 2, 2006 declaration, he performed the required conflict check in September 2004 and determined that one of his partners at Stahl Cowen, Lauane Addis, had previously performed estate planning work for Mr. Ligas. (Dkt. No. 115, at pg. 1). In light of the prior relationship with Mr. Ligas, Stahl Cowen decided not to represent Labe Bank in the in this case and Labe Bank obtained new counsel from the law firm of Hauselman & Rappin (now known as Hauselman, Rappin & Olswang, Ltd). (*Id.* at pg. 2). Damashek says that he asked the Hauselman & Rappin attorneys taking over this case to file a consent for substitution of counsel that he had prepared. (*Id.*) The Hauselman & Rappin attorneys did not file a motion for substitution or withdrawal before this court but instead

11

Hauselman & Rappin attorneys, Steven R. Rappin ("Rappin"), & Daniel H. Olswang ("Olswang"), filed an appearance form in this case on November 3, 2004. (Dkt. No. 11). Damashek states that he received electronic filings in the case but did not follow up on this until Fall 2005 when he determined that he was still listed as counsel of record. (Dkt. No. 115, at pg. 2). Damashek states that he sought the concurrence of all parties for a motion to withdraw in December 2005 but Mr. Ligas allegedly opposed the motion to withdrawal over a concern of a potential conflict of interest. This led Labe Bank to the file the present motion of February 2, 2006 for leave to withdraw.

The reason why Damashek is the only attorney of record listed on the docket for Labe Bank is because the clerk's office mailed a Local Rule 83.17 letter to Steven R. Rappin on November 4, 2004 after Rappin and Olswang filed their appearance one day earlier. Pursuant to Local Rule 83.17 "once an attorney has filed an appearance form ... that attorney is the attorney of record ... [and] may not withdraw, nor may any other attorney file an appearance on behalf of the same party or as a substitute for the attorney of record, without first obtaining leave of court [unless] both counsel are of the same firm." N.D. Ill. L.R. 83.17. Despite filing various documents on behalf of Labe Bank, Rappin and Olswang have never filed a motion for leave to file their appearances in this case.

Mr. Ligas filed his motion to disqualify Labe Bank's counsel on March 6, 2006. (Dkt. No. 136). He argues that Rappin, Olswang and all attorneys from Hauselman & Rappin should be disqualified, all documents filed by Rappin & Olswang should be striken from this case and he should be awarded attorneys' fees and costs in this case due to Rappin & Olswang's misconduct. (*Id.* at pg. 5). Mr. Ligas argues that disqualification is required because

12

Damashek's conflict may have tainted Rappin & Olswang and attorneys from Hauselman & Rappin have failed to comply with various local court rules. (*Id.* at pg. 4).

1. Labe Bank's Motion of February 2, 2006 for Damashek to Withdraw (Dkt. No. 113)

Damashek acted properly in September 2004 by identifying that his law firm had previously represented Mr. Ligas in an estate planning matter and informing his client Labe Bank that it needed to obtain new counsel. Labe Bank hired Hauselman & Rappin, a law firm that has never had Mr. Ligas as a client and has no conflicts in this case, as its new lawyers. Damashek took the initial steps to remove himself from this case by preparing the consent for substitution of counsel. His decision to rely on Rappin and Olswang to file the motion instead of filing the motion himself proved to be a mistake as the motion was never filed in 2004. The court will consider the effect, if any, of Rappin and Olswang's failure to file Damashek's motion to withdraw initially in the Fall of 2004 within Mr. Ligas' pending motion to disqualify, but this court sees no reason for Damashek to remain a counsel in this case. Damashek's pending motion of February 2, 2006 to withdraw is granted and is effective *nunc pro tunc* to November 2, 2004.

2. Mr. Ligas' Motion of March 6, 2006 to Disqualify Labe Bank's Counsel (Dkt. No. 136)

"Disqualification of an attorney is a drastic measure that should only be imposed when absolutely necessary." *Stopka v. Alliance of American Insurers*, No. 95 C 7487, 1996 WL 204324, at *2 (N.D. Ill. Apr. 25, 1996) (citing *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983); *Hoban v. Strata Mkt., Inc.*, No. 91 C 5331, 1991 WL 204965, at *1 (N.D. Ill. Oct. 2, 1991)). "A party is entitled to a degree of deference in the prerogative to proceed with counsel of its choice." *United States ex rel. Cericola v. Ben Franklin Bank*, No. 99 C 6311, 2003 WL 21476020, at *2 (N.D. Ill. Jun. 23, 2003) (citing *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir.

13

1993)). A motion to disqualify is viewed with extreme caution when evaluated by the court because the motion can be used as a means of harassment. *Starling v. Cronin*, No. 98 C 7900, 2002 WL 23896, at *2 (N.D. Ill. Jan. 7, 2002) (citations omitted). Consequently, Mr. Ligas as the "moving party, bears the burden of establishing that disqualification is appropriate." *Ben Franklin Bank*, No. 99 C 6311, 2003 WL 21476020, at *2 (citing *Starling*, No. 98 C 7900, 2002 WL 23896, at *2).

Local Rules 83.51.7-83.51.10 set forth this court's conflict of interest rules. A conflict can arise through a lawyer's representation of one client when the first representation is: (1) directly adverse to the interests of a second current client, (2) materially limits the lawyer's responsibilities to a second current client, a third party or the lawyer's own interests, or (3) the same or substantially related, and is adverse to the interests of, a former client. N.D. Ill. 83.51.7-10. The imputed disqualification rule of 83.51.11 applies the conflict rules to other attorneys in the lawyer's law firm. N.D. Ill. L.R. 83.51.11. Different standards of review are applied for evaluating an alleged conflict caused by the concurrent representation of two current clients as compared to the evaluation of an alleged conflict caused by a prior and current representation. *See Andrew Corp. v. Beverly Mfg. Co.*, 415 F. Supp. 2d 919, 923-24 (N.D. Ill. 2006).[4]

Mr. Ligas has failed to provide any evidence to demonstrate a conflict of interest requiring disqualification. Mr. Ligas does not provide any direct evidence to demonstrate that

---

[4] A lawyer is prohibited from engaging in the concurrent representation of two current clients that is directly adverse unless both clients consent pursuant to Local Rule 83.51.7. *Andrew*, 415 F. Supp. 2d at 924 (citing N.D. Ill. L.R. 83.51.7(a)). The substantial relationship test is applied when determining whether an attorney's current representation of one client conflicts with the attorney's prior representation of a second client under Local Rule 83.51.9. *Id.* at 924 n.6.

Damashek, or any one in his firm, participated in this case after Damashek initially identified the conflict. Mr. Ligas does provide three pieces of circumstantial evidence, a $6.00 bill from Stahl Cowen,[5] a 26(a)(1) disclosure from Labe Bank listing $125 in legal fees billed by Stahl Cowen to Labe Bank that Labe Bank is seeking from Mr. Ligas in this case, and the fact that Damashek continued to receive paper and electronic filings in this case after November 2004. Damashek provides a declaration of February 2, 2006, (Dkt. No. 115), and Rappin provides his affidavit of April 6, 2006 (Dkt. No. 154), explaining the oversight and attesting that there has been no communication between the two law firms that would have created a conflict since Damashek intended withdrawal in the Fall of 2004.

The evidence demonstrates that Damashek and Stahl Cowen were active in this case in September 2004 and the $6.00 bill and the $125 in legal fees relate to this period. It appears to the court that Damashek performed some initial work on this case in September 2004, but then quickly attempted to withdraw once identifying the conflict. It is noteworthy to the court that Labe Bank's initial answer, counterclaim and third-party complaint of November 3, 2004 were signed by Rappin and Olswang. (Dkt. No. 14). The only document filed by Damashek before the pending motions was his attorney appearance of September 22, 2004. (Dkt. No. 10). The evidence presented by Mr. Ligas is evidence of sloppiness, not evidence of a conflict. This court finds no evidence of any conflict of interest in this case requiring attorney disqualification.

---

[5] Stahl Cowen sent Mr. Ligas and Lisa Ligas a bill for $6.00 dated October 14, 2004. The bill has the caption "Estate Planning" and stated that it was for "Messenger to Federal Court to file Appearance." It appears to the court that Damashek used the prior Ligas estate billing number when he billed the messenger cost. The Ligas contacted Stahl Cowen and the Ligas' attorney on the estate matter, Lauane Addis, informed that them the $6.00 bill had been issued in error. (Dkt. No. 134).

15

Mr. Ligas other argument is that Rappin, Olswang and the rest of the lawyers in their firm should be disqualified because their conduct in this case demonstrates that they are not qualified to practice law in this court. Rappin and Olswang are not listed on the court's docket at this time. Additionally, Rappin's initial appearance form lists that he is a member of the trial bar. However, Rappin was not a member of the trial bar at the time he filed his appearance form. According to Rappin's affidavit, he mistakenly thought that he was a member of the trial bar based on the form he completed approximately 10 years ago when he joined the court's general bar. (Dkt. No. 154). Rappin has rectified this mistake by joining the trial bar in April of this year. Labe Bank also sought to rectify this situation by seeking leave to file the additional appearance of James Dahl, an attorney who is a member of the trial bar, on March 28, 2006. (Dkt. No. 150). Mr. Ligas opposed Dahl's appearance. Mr. Ligas provides no reason to prevent Mr. Dahl from appearing and so the motion for leave to file his appearance of March 28, 2006 is granted.

Despite Rappin and Olswang's failure to seek leave from this court before filing their appearance, Rappin's incorrect recollection that he was a member of the trial bar, and Damashek's failure to follow through on whether he was still counsel of record in this case, these actions do not demonstrate to this court that the drastic remedy of disqualification is required. This court is also mindful that Mr. Ligas' requested relief of striking all pleadings or motions filed by Rappin and Olswang is a remedy that could effectively result in the dismissal of Labe Bank's claims against Ligas depending on the application of the statute of limitations. Although "there are species of misconduct that place too high a burden for a court to allow a case to continue," the events in this case do not come close to that level. *Dotson v. Bravo*, 321

F.3d 663, 665 (7th Cir. 2003) (quoting *Barnhill v. United States*, 11 F.3d 1360, 1368 (7th Cir. 1993)). The Seventh Circuit has also held that the "decision whether to apply a local rule strictly or to overlook any transgression is one left to the district court's discretion." *Stanciel v. Gramley*, 267 F.3d 575, 579 (7th Cir. 2001). The primary error is the failure of Rappin and Olswang to obtain leave of court before filing their appearances in violation of Local Rule 83.17. The penalty suggested by Local Rule 83.16(e) is holding the lawyer in contempt of court and fining them $50. The court, however, shall not hold them in contempt in light of the fact that the failure appears to an unintentional error. Rappin and Olswang are admonished to comply with the local rules in the future.

Unfortunately, there have been errors by lawyers in all sides in this case, the government's efforts to effectuate service of process, (*See* Dkt. Nos. 42, 43, 63, 64, 70, 71), Mr. Ligas' consent to this court's jurisdiction when he sought the quashing of the tax liens, (Dkt. Nos. 70, 71), and Labe Bank's present difficulties in filing the appropriate appearance. The fact that the government and Labe Bank's efforts in this case have been less than stellar does not, however, mean that government and Labe Bank are barred from pursuing their claims against Mr. Ligas especially when Mr. Ligas has failed to demonstrate the existence of any actual conflict of interest by counsel or that he has experienced any resulting prejudice from these errors.

CONCLUSION

For the reasons set forth above, the government's motion of February 1, 2006 for summary judgment, (Dkt. No. 111), which was filed before all outstanding discovery issues were resolved, is denied without prejudice. Mr. Ligas' motion of February 24, 2006 for this court to reconsider Judge Keys' January 27, 2006 decision, (Dkt. No. 132), is denied. Labe Bank's motion of February 2, 2006 to withdraw as counsel, (Dkt. No. 113), is granted. Mr. Ligas' motion of March 6, 2006 to disqualify Labe Bank's counsel, (Dkt. No. 136), is denied. Labe Bank's motion of March 28, 2006 for leave to file an appearance, (Dkt. No. 150), is granted.

The clerk is ordered to terminate Ronald A. Damashek's appearance on behalf of Labe Bank *nunc pro tunc* to November 3, 2004, and to record the appearances of Steven R. Rappin and Daniel H. Olswang *nunc pro tunc* as counsel of record for Labe Bank to November 3, 2004. James E. Dahl is given leave to file his appearance on behalf of Labe Bank *Instanter*. Attorneys Stephen R. Rappin and Daniel H. Olswang are admonished to follow the court's local rules in the future.

In light of this court's determination affirming the rulings of Magistrate Judge Keys on discovery, it appears that discovery between the government and Mr. Ligas has been completed and that there is no reason for further delaying the setting of a schedule for motions for summary judgment. The government and Mr. Ligas may file any desired motion for summary judgment together with the requisite supporting materials by no later than June 1, 2006, responses due no later than June 22, 2006, replies due by no later than July 6, 2006.

As to Mr. Ligas request for an extension for the time to complete discovery involving Labe Bank, (Dkt. No. 145), Mr. Ligas and Labe Bank have until June 15, 2006 to complete any discovery involving the claims between them. Any motions for summary judgment involving

Labe Bank and Mr. Ligas shall be filed by July 20, 2006, responses due by August 10, 2006 and replies due by August 24, 2006. The court will rule electronically and set additional dates if needed.

          ENTER:

          *James F. Holderman*
          JAMES F. HOLDERMAN
          United States District Judge

Date: May 10, 2006